GastoN, Judge.
 

 On the trial of the issue upon the pleas of payment, and of accord and satisfaction, the defendant gave testimony tending to shew that three tracts of land had, shortly before the day of payment named in the bond, been conveyed by her and received by the plaintiff in satisfaction of the money thereby stipulated to be paid. Each of the conveyances purported to be made for a valuable consideration, and the amount of all the considerations was the same with the amount of the bond. The plaintiff gave evidence to repel this inference, and offered as further evidence, acts air dcclara-rations of the defendant tending to shew that the conveyances had not been made on account of the bond, but avowedly as an advancement to the plaintiff who was her son-in-law. The testimony thus offered, was rejected.
 

 We think that there was error in rejecting this testimony. The issue between the parties was on a matter beside the deeds, and collateral to them, and involved no question directly or indirectly, either of a claim under the deeds, or of a claim in opposition to them. The controversy w’as not whether the consideration remained
 
 *357
 
 unpaid, nor whether there was such a consideration as that recited. The dispute was whether the consid.cration had been paid in
 
 the manner
 
 which the defendant all0ged, and endeavored to maintain by proof. Tins proof the plaintiff was at liberty to contradict if lie could by evidence of the defendant’s own acts and declarations. If these were inconsistent with the more solemn declarations expressed in the deed, this repugnancy was a circumstance fit to be weighed by the triers, but should not prevent them from being laid before the triers of the matter then in contestation. The testimony was relevant and material, and not forbidden, as we believe, by any principle of law.
 

 The judgment is to be reversed and. a new trial awarded.
 

 Per Curiam. — Judgment reversed.